UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | Daniel Major Edstrom | **Case No :**<br>**Date :**<br>**Time :** | 12–29353 – B – 11<br>6/17/14<br>09:32 |
| **Matter :** | [200] – Motion/Application to Approve Settlement Agreement with Auburn Lake Trails Property Owners Association [DME–6] Filed by Debtor Daniel Major Edstrom (fdis) | | |
| **Judge :**<br>**Courtroom Deputy :**<br>**Reporter :**<br>**Department :** | Thomas Holman<br>Jennifer Tillery<br>Diamond Reporters<br>B | | |

**APPEARANCES for :**
**Movant(s) :**
**Respondent(s) :**

Disposition Without Oral Argument: This motion is unopposed. The court issues the following abbreviated ruling.

The motion is granted. The debtor is authorized pursuant to 11 U.S.C. § 363(b) and Fed. R. Bankr. P. 9019 to enter into the Settlement Agreement and Mutual Release (the "Settlement") with Auburn Lake Trails Property Owners Association ("ALT") filed as Exhibit "1" to the motion (Dkt. 200 at 9–13). The debtor is authorized to execute all documents necessary to effect the Settlement. Pursuant to the terms of the Settlement and the Stipulation of Dismissal filed by the debtor and ALT in associated adversary proceeding no. 13–2132–B (the "Adversary Proceeding"), the clerk of the court is authorized to dismiss the Adversary Proceeding pursuant to Fed. R. Bankr. P. 7041, incorporating Fed. R. Civ. P. 41(a)(1)(A)(ii). Except as so ordered, the motion is denied.

The court has great latitude in approving compromise agreements. In re Woodson, 839 F.2d 610, 620 (9th Cir. 1988). The court is required to consider all factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Protective Committee For Independent Stockholders Of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968). The court will not simply approve a compromise proffered by a party without proper and sufficient evidence supporting the compromise, even in the absence of objections.

The debtor alleges without dispute that the Settlement is fair and equitable. By entering into the Settlement, the debtor obtains a waiver of post–petition obligations owed to ALT through May, 2014 in the amount of approximately $4,000.00. Settlement of the debtor's dispute with ALT also spares the estate that time and expense of continued litigation. The court finds that the compromise is a reasonable exercise of the debtor's business judgment. In re Rake, 363 B.R. 146, 152 (Bankr. D. Idaho 2006). Accordingly, the court finds that the debtort has carried his burden of persuading the court that the Settlement is fair and equitable, and the motion is granted.

The court will issue a minute order.