8

Allen C. Massey - 172024
Antonia G. Darling - 76190
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814
(916) 930-2100/Fax (916) 930-2099

Attorneys for Tracy Hope Davis,
    United States Trustee

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

In re:

Daniel Major Edstrom,

Debtor.
_____/

| | |
|---|---|
| Case No. | 12-29353-B-11 |
| DC No. | UST-2 |
| Date: | August 26, 2014 |
| Time: | 9:32 a.m. |
| Judge: | Hon. Thomas C. Holman |
| Courtroom: | 32, 6th Floor |

## MOTION OF THE UNITED STATES TRUSTEE
## FOR CONVERSION OR DISMISSAL OF CHAPTER 11 CASE

### I.    MOTION

The United States Trustee ("UST") requests the court order conversion or dismissal of this case because captioned Debtor has failed to file his December 2013 monthly operating report, has incurred losses while under bankruptcy protection for over two years, and appears incapable of reorganizing his financial affairs.

Judicial notice is requested of all documents filed in the cases pursuant to Fed. R. Evid. 201. This motion is based upon the following points and authorities, the record in this case, and such evidence as may be filed to supplement this motion or as may be introduced at the hearing on this motion.

## II.    STATEMENT OF FACTS

1.    On May 15, 2012, Debtor filed his chapter 11 Voluntary Petition, Exhibit D, Certificate of Counseling, negative declaration regarding Small Business Financial Documents, and List of Creditors Holding 20 Largest Unsecured Claims (Docket #1).

2.    On June 28, 2012, Debtor filed Schedules A through J, Statement of Financial Affairs ("SOFA"), and other documents (Docket #29).

3.    On July 13, 2012, Debtor filed amended Schedules B and C as well as other documents (Docket #44).

4.    On October 30, 2012, Debtor filed amended Schedules B, C, E, and F, amended SOFA as well as other documents (Docket #82).  Amended Schedules E and F report unsecured claims totaling $37,971.29, though Schedule F reports several creditors' amount of claim as "undetermined."  As described below, U.S. Bank may have a substantial unscheduled, unsecured claim.

5.    The amended and unamended Schedules, combined, report the following assets (rounded to the nearest dollar):

//

//

//

//

//

//

//

//

|  | Value | Secured |
|---|---|---|
| Debtors' Residence | | |
|   2690 Brown Bear Court, Cool, CA | $ "undetermined" | $ "undetermined" |
| Two (2) accounts receivable | "undetermined" | |
| Fourteen (14) unliquidated claims | "undetermined" | |
| 1999 Ford Explorer | "undetermined" | |
| Two (2) vehicles and trailer | 4,033 | |
| 50% of S corporation: DTC Systems, Inc. | 15,000 | |
| Bottomline Lawyers attorney trust account | 18,000 | |
| Cash | 2,332 | |
| Universal life insurance policy | 19,201 | 17,517 |
| PG&E deposit | 697 | |
| Household goods & furnishings | 10,320 | |
| Books, pictures and other | 1,500 | |
| Apparel and jewelry | 1,100 | |
| Firearms | 950 | |
| Two IRAs | 1,047 | |
| Animals | 50 | |
| Riding lawn mower | 750 | |
| TOTALS | $74,980 | $17,517 |

Only $29,918 of the above values are claimed to be exempt on Schedule C. Other than the 1999 Ford Explorer, none of the "undetermined" value assets are claimed to be exempt.

      6.     On October 30, 2012, Debtor filed a Plan and Disclosure Statement (Docket #80 and 85).

7.      On December 5, 2012, the Court ordered that the above Disclosure Statement was not approved (Docket #105).

8.      On January 16, 2013, Debtor filed his "Motion To Value Collateral (Deed of Trust dated 9/7/2005)" (Docket #116), wherein Debtor states "[t]he [Cool] Property is encumbered by a deed of trust dated 8/10/2004 in favor of New Century Mortgage Corporation (formerly Central Pacific Mortgage Company), securing repayment of its claim of approximately $325,882.00."  In the same document, Debtor admits "[t]he Property is also encumbered by a deed of trust dated 9/7/2005 allegedly in favor of U.S. Bank, NA as Trustee for RASC Series 2005-EMX4 (originally Mortgage Lenders Network USA, Inc.), securing repayment of an estimated claim of $668,183.52."

9.      On February 26, 2013, the Court ordered that, related to U.S. Bank deed of trust, "the debtor's real property located at 2690 Brown Bear Court, Cool, CA 95614 (the "Property") had a value of $65,880.00 on January 16, 2013" (Docket #138).

10.      On February 3, 2014, Debtor filed an amended Plan and Disclosure Statement (Docket #179 and 180).

11.      On March 24, 2014, Debtor filed a Notice Of Withdrawal Of Hearing On The Adequacy Of First Amended Disclosure Statement Of Daniel Major Edstrom Dated And Filed February 3, 2014 (Docket #194) and, on April 3, 2014, the Court denied approval of this Disclosure Statement for lack of prosecution.

12.      On June 19, 2014, the Court ordered the settlement, between Debtor and Auburn Lake Trails Property Owners Association ("ALT"),which waived Debtor's post-petition obligation of approximately $4,000 owed to ALT through May 2014 (Docket #213 and 215).

13.      Debtor did not file his December 2013 monthly operating report ("MOR") (no Docket entry).

14.    On July 14, 2014, Debtor filed his June 2014 MOR (Docket #216).  Cumulative from the filing of the Voluntary Petition, the June 2014 MOR's Statement of Cash Receipts and Disbursements reports a $5,725 decrease in cash and no payments on secured debt.

15.    All adversary proceedings associated with this case are closed (Docket entries of November 26, 2012, July 1,2013, and July 7, 2014).

16.    Debtor has not filed a plan and disclosure statement since Debtor withdrew the notice of hearing on the disclosure statement that was filed February 3, 2014.

## III.    MEMORANDUM OF POINTS AND AUTHORITIES

### A.    The United States Trustee has standing to bring this motion.

The United States Trustee is charged with supervising the administration of cases under chapter 7, 11, 12, 13, or 15 of title 11.  28 U.S.C. § 586.  In furtherance of that duty, the U.S. Trustee is granted standing to raise and be heard on any issue in any bankruptcy case or proceeding pursuant to 11 U.S.C. § 307.

### B.    Cause exists to convert or dismiss this case.

11 U.S.C. § 1112(b)(1) provides, in pertinent part, that the court shall convert or dismiss a case, "whichever is in the best interest of creditors and the estate, if the movant establishes *cause* unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."  (Emphasis added.)[1]

---

[1]    However, under 11 U.S.C. § 1112(b)(2):

"The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that—

(A)    there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121 (e) and 1129 (e) of this title, or if such sections do not apply, within a reasonable period of time; and

(B)    the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—

(i)    for which there exists a reasonable justification for the act or omission; and

(ii)    that will be cured within a reasonable period of time fixed by the court."

"Cause" is not defined in the Bankruptcy Code.  However, Bankruptcy Code Section 1112(b)(4) sets forth a list of 16 grounds that do constitute "cause."  See 11 U.S.C. § 1114(b)(4)(A)-(P); see also *In re Gateway Access Solutions, Inc.*, 374 B.R. at 560.  This list is not exhaustive, and a case may be dismissed or converted for causes other than those specifically identified in Section 1112(b)(4).  See, e.g., *In re AmeriCERT, Inc.*, 360 B.R. 398, 401 (Bankr. D.N.H. 2007) ("The list is not exhaustive ... a case may be dismissed for other causes, such as bad faith or if the petition does not serve a bankruptcy purpose."); *In re Jayo*, 2006 WL 2433451, at *6 (Bankr. D. Idaho July 28, 2006) ("In [the Ninth] Circuit, the court has discretion to consider alleged causes not specifically listed in § 1112(b).").

In this case, "cause" exists to dismiss or convert this case as follows:

### 1.    *Debtor has failed to comply with reporting requirements.*

"[U]nexcused failure to satisfy timely any filing or reporting requirement established by the [Bankruptcy Code] or any rule applicable to a case under [chapter 11]" is enumerated as cause to convert or dismiss a case at 11 U.S.C. § 1112(b)(4)(F).  Periodic reports and summaries of the operation of a business are required by 11 U.S.C. § 704(a)(8), as incorporated by 11 U.S.C. §1106(a)(1).  Local Rule 2015-1 requires Debtors to file and serve monthly operating reports ("MORs") on the 14th day following any month end.  No MOR has been filed for December 2013.

### 2.    *Debtor has incurring losses, the estate is diminished, and Debtor has no reasonable likelihood of rehabilitation.*

"[S]ubstantial or continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation" is enumerated as cause to convert or dismiss a case at 11 U.S.C. § 1112(b)(4)(A).

The substantial or continuing loss prong is demonstrated by a loss that will "materially negatively impact the bankruptcy estate and the interest of creditors," or "dwindling liquidity, or illiquidity resulting in unpaid postpetition debts which usually constitute administrative expenses that will take priority over prepetition claims." *In re Hassen Imports Partnership*, 2013 WL 4428508*13 (B.A.P. 9th Cir. 2013) (citing 7 Collier on Bankruptcy at ¶ 1112. 04 [6][a][i]). "This element can be satisfied by demonstrating that the debtor incurred continuing losses or maintained a negative cash flow position after the entry of the order for relief." *Id.*, quoting *In re Schriock Constr., Inc.*, 167 B.R. 569, 575 (Bankr.D.N.D.1994). "To determine the existence of a continuing loss to, or diminution of, the estate, the bankruptcy court must look beyond financial statements and fully evaluate the present condition of a debtor's estate." *Id.*, quoting *In re Motel Props., Inc.*, 314 B.R. 889, 894 (Bankr.S.D.Ga.2004) (citation omitted)).

Here, Debtor's last MOR reports a cumulative $5,725 decrease in cash and no payments on secured debt.

"The issue of rehabilitation for purposes of § 1112(b)(4)(A) is not the technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort." *Id*., quoting *In re Wallace*, 2010 WL 378351 at *4 (Bankr.D.Idaho Jan. 26, 2010)(quotations and citations omitted). "Rehabilitation is a different and much more demanding standard than reorganization." *Id.*, quoting, *In re Creekside Senior Apartments, L.P.*, 489 B.R. 51, 61 (B.A.P.6th Cir. 2013) (citations omitted).

Here, over two years of bankruptcy protection have resulted in a $5,725 decrease in cash and no payments on secured debt over that period. Debtor has filed two plans and disclosure statement, but is not currently prosecuting any plan and disclosure statement. Such indicates no ability to reorganize sufficient to pay any amounts to creditors in a plan.

**C.      Debtor's case should be converted.**

As described above, cause exists to convert or dismiss this case.  However, Section "1112(b) establish[es] a two-step analysis for dealing with questions of conversion and dismissal.  First, it must be determined that there is 'cause' to [convert or dismiss].  Second, once a determination of 'cause' has been made, a choice must be made between conversion and dismissal based on the 'best interests of the creditors and the estate.'"  *In re Nelson*, 343 B.R. 671, 675 (9th Cir. BAP 2006).  Here, Debtor reports unexempted equity in personal property, suggesting that conversion is in the best interests of the creditors and the estate.

**IV.      CONCLUSION**

WHEREFORE, the court is requested to enter an order converting or dismissing this case; conversion is recommended.

Respectfully submitted,

Dated:  July 24, 2014

/s/ Allen C. Massey
Attorney for Tracy Hope Davis,
United States Trustee
al.c.massey@usdoj.gov