JUDSON H. HENRY, Esq. (SBN 226743)
LAW OFFICE OF JUDSON H. HENRY
5150 Sunrise Boulevard, Suite H6
Fair Oaks, CA  95628
Phone:   (916) 966-1047
Fax:      (888) 986-8168
E-mail: jhhenry2000@yahoo.com

**Attorney for Debtor-in-possession Daniel Edstrom**

# IN THE UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Case No.:   2012-29353-B-7<br>DC No.:    JHH-70 |
| DANIEL MAJOR EDSTROM, | Date:       February 3, 2015<br>Time:       9:30 a.m.<br>Courtroom No: 32<br>Judge:      Hon. Christopher Jaime |
| Debtor-in-Possession | United States Courthouse<br>501 I Street, 6th Floor<br>Sacramento, CA  95814 |

**DEBTOR'S REPLY TO CREDITOR U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR RASC 2005-EMX4 RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM 6-1**

Debtor DANIEL MAJOR EDSTROM (the "Debtor") hereby submits this reply brief in support of his objecting to claim No. 6-1, of U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR RASC 2005-EMX4 ("2005-EMX4"), filed with the Court September 25, 2012, as follows:

2005-EMX4's Response makes factual allegations that 2005-EMX4 is a secured creditor (see Response: introductory opening ¶ and ¶ 2). These statements are made without any supporting evidence at all, which is in violation of Local Rule 9014-1(f)(1)(B).  Specifically, Paragraph 2 of the Response makes the specific factual allegation "U.S. Bank's Proof of Claim reflects that U.S. Bank is the holder of a first priority lien encumbering Debtor's residence

1

1 located at 2690 Brown Bear Court, Cook1, CA 95614 ("Residence")." This statement is made
2 without any supporting evidence at all, again in violation of Local Rule 9014-1(f)(1)(B). A
3 review of Claim 6-1 shows that this statement is entirely false and without foundation.  The Deed
4 of Trust names Mortgage Lenders Network USA, Inc. ("MLN") as the lender while the
5 beneficiary is listed as some uncertain derivative of Mortgage Electronic Registration Systems,
6 Inc. ("MERS") and/or MLN. 2005-EMX4 is not found on the face of this document nor is there
7 an assignment attached to Claim 6-1. Finally, the note attached to Claim 6-1 does not name
8 2005-EMX4 as the payee nor are there any endorsements to 2005-EMX4. This deficiency was
9 fully laid out already in Debtors objection to Claim 6-1 and 2005-EMX4 has remained silent on
10 this and all other material facts put at issue by Debtors objection.

11 Further, and as Creditor's own admission that their proof of claim 6-1 is in fact entirely
12 illegitimate, 2005-EMX4 alleges that it has withdrawn Claim 6-1 on January 20, 2015. See
13 Response: ¶ 9.  However, this purported withdrawal is entirely unlawful under the Bankruptcy
14 Code and so entirely ineffective.

> A creditor may withdraw a claim as of right by filing a      notice of withdrawal, except as provided in this rule. <u>If after a creditor has filed a proof of      claim an objection is filed thereto</u> or a complaint is filed against that creditor in an adversary proceeding, or the creditor has accepted or rejected the plan or otherwise has participated significantly in the case, <u>the creditor may not withdraw the claim except on order of the court after a hearing on notice</u> to the trustee or debtor in possession, and any creditors' committee elected pursuant to §705(a) or appointed pursuant to §1102 of the Code.   Federal Rules of Bankruptcy Procedure, Rule 3006 [emphasis added].

20 2005-EMX4 seems to be claiming a secured lien with a "first priority lien encumbering
21 Debtor's residence" that is somehow evidenced by Claim 6-1, and somehow, by magic, that if
22 they withdraw their filed claim paperwork, Debtors objections are moot. See Response, ¶ 9. This
23 is absurd.  By attempting to withdraw Claim 6-1, even though entirely unlawful and ineffective
24 as an actual withdrawal, 2005-EMX4 has very effectively admitted Debtor owes it no money and
25 thus it holds no valid claim.

26 Federal Rule of Bankruptcy Procedure 3006, which is governed by the same
27 considerations underlying Federal Rule of Civil Procedure 41(a)(2), provides that voluntary
28 dismissals should be granted only upon an order of the bankruptcy court which "shall contain

such terms and conditions as the court deems proper." Fed.R.Bankr.P. 3006; see id., Advisory Committee Note (1984). See *In re Lowenschuss*, 67 F. 3d 1394 (1995 9th Cir.).  2005-EMX4 has participated significantly in Debtors bankruptcy case. Multiple notices of appearance with demands for notice of all pleadings and filings have been filed see Docket Item No. ("DKT") #'s 50 and 144, Proof of Claim 6-1 was filed on September 25, 2012 (allegedly over-riding Debtor's scheduling of this claim), Debtor filed a Motion to Value collateral (see DKT 116) based on the filing of Claim 6-1 in which the Court granted in part Debtors motion (see DKT's 134 and 135), 2005-EMX4 objected to Debtors First Amended Disclosure Statement (see DKT 191), and finally Debtor objected to Claim 6-1 (see DKT 265). The actions of 2005-EMX4 in this case has caused Debtor and the estate significant time and expense.

Debtor interprets the attempted withdrawal of 2005-EMX4's claim as it obviously is – an admission that Debtor's objections are valid, that 2005-EMX4's claim is unenforceable against Debtor, Debtor's property and property of the estate and that 2005-EMX4 waives any lien it has previously claimed (real or fictitious).

Although Debtor has objected to Claim 6-1, the burden of proof is on 2005-EMX4 to prove both the form and substance of their claim. Because Claim 6-1 does not meet the requirements of F.R.B.P. Rule 3001(f), their Proof of Claim 6-1 is hearsay, without foundation, and simply lacking in any evidence whatsoever, as is each material factual allegation that 2005-EMX4 is a "secured creditor". In fact Proof of Claim 6-1 and the underlying factual allegations are pure speculation, given without any reasonable basis.  To be specific, Debtor's objection stated unequivocally: "Claim 6-1 is devoid of any evidence that 2005-EMX4 is a creditor, indenture trustee, equity security holder, agent, attorney in fact, guarantor, surety, endorser, Note Holder, holder in due course, holder, non-holder in possession, or otherwise has any interest in any obligation of Debtor or the bankruptcy estate."  Debtor's objection presciently states: "PROOF OF CLAIM 6-1 SHOULD BE DISALLOWED BECAUSE 2005-EMX4 IS NOT A CREDITOR OF DEBTOR OR DEBTOR'S BANKRUPTCY ESTATE; CLAIMANT HAS NOT PROVIDED, AND CANNOT PROVIDE, ANY EVIDENCE THAT 2005-EMX4 OWNS THE NOTE AND/OR OWNS RIGHTS TO PAYMENTS ON THE ALLEGED DEBT."

**Objection to Claim 6-1 – Reply Brief in Support**
**In re Daniel Major Edstrom; Case No. 2012-29353**

1  2005-EMX4 now admits that their unproven claims are unenforceable against Debtor, Debtors property and property of the estate, in that they have clearly abandoned their claim by way of purporting to withdraw it in its entirety, and in doing so have by its own actions abandoned and waived responses to all of Debtors objections.

2005-EMX4 and their agents and attorneys have not shown a pecuniary interest in any underlying debt that gives rise to any claim and thus 2005-EMX4 is not a creditor. For this reason, as set out in detail in Debtor's original objection, as well as the fact 2005-EMX4 by way of its response has admitted it holds no valid claim, Proof of Claim No. 6-1 should be disallowed in full and the Court should determine that 2005-EMX4's claims against Debtor, Debtors property and property of the estate are unenforceable and that no lien can exist for an unenforceable claim. In addition, the Court should take note of Debtors objection which explains how various creditor names have been used from recorded documents or just pulled out of the air against Debtor in various different Court proceedings. These names all involve variations of U.S. Bank, NA as Trustee. This appears to be a standard and practice of US Bank, NA. [see analysis and explanation of this very conduct by the Honorable W. Richard Lee in *In re Deamicis*, 454 B.R. 756 (Bankr. E.D. Cal. 2011)].

2005-EMX4 never established Prudential Standing, is not an indispensable party and is not even a party in interest. 2005-EMX4 never established Constitutional Article III standing and has no pecuniary interest in any obligation of Debtor, Debtors property or property of the estate. 2005-EMX4 never established joinder with a party that had Prudential and Constitutional Article III standing. See *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240 (1933).

2005-EMX4 has entirely failed to submit to the Court any evidence whatsoever in support of any purported validity to Claim 6-1, and moreover, the its action of its attempted/purported withdrawal of Claim 6-1, it has tacitly admitted Claim 6-1 is entirely invalid. While this is a tacit admission, it is a complete, clear, compelling, and absolute admission that Claim 6-1 has no basis at all and is entirely invalid.

**WHEREFORE**, Debtor prays for relief as follows:

//

1. That Claim No. 6-1 of U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR RASC 2005-EMX4 be disallowed in its entirety; and

2. That Debtors receive such other and further relief as the Court may deem just.

RESPECTFULLY SUBMITTED:
**LAW OFFICE OF JUDSON H. HENRY**

Dated:   January 27, 2015

By: _____/s/ Judson H. Henry_____
    Judson H. Henry, Attorney for Debtor Daniel Edstrom