DANIEL MAJOR EDSTROM
2690 BROWN BEAR COURT
COOL, CA 95614
TEL: 916/207-6706
dmedstrom@hotmail.com

Debtor

FILED

JAN - 6 2017

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| IN Re DANIEL MAJOR EDSTROM,<br><br>　　　　Debtor. | ) CASE NO. 12-29353-B-7<br>)<br>) DC No. DME-72<br>)<br>) Chapter 7<br>)<br>) DECLARATION OF DANIEL MAJOR<br>) EDSTROM IN SUPPORT OF HIS EX-<br>) PARTE MOTION TO REOPEN A<br>) CLOSED CASE PURSUANT TO 11 U.S.C.<br>) § 350(b) AND LOCAL RULE 5010-1<br>)<br>) Date:<br>) Time:<br>) Courtroom No.: 32<br>) Judge: Hon. Christopher D. Jaime<br>) |

**DECLARATION OF DANIEL MAJOR EDSTROM IN SUPPORT OF HIS
EX-PARTE MOTION TO REOPEN A CLOSED CASE PURSUANT TO
11 U.S.C. § 350(b) AND LOCAL RULE 5010-1**

I, Daniel Major Edstrom Sr., hereby declare and state as follows:

1.   My name is Daniel Major Edstrom, also known as Daniel Major Edstrom Sr.

2.   I am the Debtor (hereinafter "Debtor") in the above captioned bankruptcy proceeding.

-1-

3. The matters stated hereinafter are within my personal knowledge, and if called upon as a witness, I could and would competently testify thereto, unless the statements were brought upon information and belief, in which case they are made based on information and belief based on my personal knowledge of the circumstances surrounding the matters stated.

4. During the course of the above captioned bankruptcy (originally a Chapter 11 filed with case # 12-29353-B-11 and later converted to a Chapter 7 as case # 12-29353-B-7), Proof of Claim 6-1 was filed in the Claims Registry on September 25, 2012 ("Claim 6-1"). Claim 6-1 named as creditor "U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR RASC 2005-EMX4 ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST" ("2005-EMX4").

5. During the course of the bankruptcy, on November 1, 2013, a Corporate Assignment of Deed of Trust dated October 24, 2013 was recorded in the Official Records of the El Dorado County Recorder's Office as Document Number 2013-0055948-00 ("Assignment"). I was not sent a copy of the recorded document and was unaware it was recorded until some point in mid to late 2014.

6. The grantor named in this assignment is Mortgage Electronic Registration Systems, Inc. as nominee for Mortgage Lenders Network USA, Inc. ("Grantor").

7. The grantee named in this assignment is "U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-EMX4" ("Grantee").

8. The Assignment makes use of the word GRANT, which has special meaning in California. California Civil Code ("CCC") 1054 states "A grant takes effect, so as to vest the interest intended to be transferred, only upon its delivery by the grantor." CCC 1055 states "A grant duly executed is presumed to have been delivered at its date." CCC 1056 states "A grant cannot be delivered to the grantee conditionally. Delivery to him, or to his agent as such, is necessarily absolute, and the instrument takes effect thereupon, discharged of any condition on which the delivery was made."

9. Mortgage Lenders Network ceased to exist at some point in 2009 based on the declaration of William Rehm filed in the Mortgage Lenders Network USA, Inc. Chapter 11 bankruptcy.

10. I reviewed the declaration dated January 22, 2011 of William Rehm from the Mortgage Lenders Network USA, Inc. Chapter 11 bankruptcy (case # 07-10146 filed in the District of Delaware). Rehm's declaration dated January 22, 2011 stated (among other things):

   a. On February 5, 2007, the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

   b. During the course of its chapter 11 bankruptcy case, the Debtor completely ceased and exited its mortgage origination and servicing business and continued to exist as a debtor-in-possession solely for the purpose of liquidating its assets for the benefit of its creditors. Both in the ordinary course of its business, as well as pursuant to duly approved orders for the sale not in the ordinary course, the Debtor transferred over $19 billion worth of mortgage servicing rights to a variety of third parties during the pendency of its chapter 11 case and prior to the Effective Date (defined below). Following the transfer or sale of the Debtor's loans and servicing rights, the Debtor ceased to own any loans and the Debtor was released of any and all obligations it ever had to service any loans.

   c. On December 19, 2008, the Debtor filed its First Amended Plan of Liquidation of Mortgage Lenders Network USA, Inc. Under Chapter 11 of the Bankruptcy Code (the "Plan").

   d. On February 3, 2009, the Court entered the Order Confirming the Plan.

   e. On June 10, 2009, the Plan became effective (the "Effective Date"). On the Effective Date, the Mortgage Lenders Network MLN Trust Agreement (the "Trust Agreement") was executed, creating the Trust and appointing Neil F. Luria as Liquidating Trustee. On

the Effective Date, among other things, all assets of the Debtor were transferred to the Trust.

11.     Based on information and belief, executing and/or recording the Assignment during the above captioned bankruptcy violated the automatic stay pursuant to 11 U.S.C. 362.

12.     Based on information and belief, some or all of the following conduct, acts, documents or communications violated the discharge injunction:

- Executing, recording, mailing and/or uttering a Substitution of Trustee (see El Dorado County Recorder's Official Records Document Number 2015-9005222900001 recorded November 10, 2015) as such affirmative act or communication attempted to collect a debt from me personally, or otherwise named me personally liable on a debt, or otherwise violated the discharge injunction.

- Executing, recording, mailing and/or uttering a Notice of Default and Election to Sell (see El Dorado County Recorder's Official Records Document Number 2016-9000243500004 recorded January 21, 2016), as such affirmative act or communication attempted to collect a debt from me personally, or otherwise named me personally liable on a debt, or otherwise violated the discharge injunction.

- Executing, recording, mailing and/or uttering a Notice of Trustee's Sale (see El Dorado County Recorder's Official Records Document Number 2016-9002679300002 recorded June 16, 2016), as such affirmative act or communication attempted to collect a debt from me personally, or otherwise named me personally liable on a debt, or otherwise violated the discharge injunction.

- Executing, recording, mailing and/or uttering multiple notices to postpone a Trustee's Sale, as such affirmative act or communication attempted to collect a debt from me personally, or otherwise named me personally liable on a debt, or otherwise violated the discharge injunction.

- Executing, mailing, uttering, and/or presenting to the bankruptcy court (whether by signing, filing, submitting, or later advocating) an Objection to Debtors First Amended

Disclosure Statement and Request for Judicial Notice in support of the Objection (Docket Items Number 39 and 40), as such affirmative act or communication attempted to collect a debt from me personally, or otherwise named me personally liable on a debt, or otherwise violated the discharge injunction.

- Executing, mailing, uttering, and/or presenting to the bankruptcy court (whether by signing, filing, submitting, or advocating) Proof of Claim 2-1, as such affirmative act or communication attempted to collect a debt from me personally, or otherwise named me personally liable on a debt, or otherwise violated the discharge injunction.

13. Based on the above, and much more, I will bring either a motion for (i) sanctions for violation of the automatic stay pursuant to 11 U.S.C. 362, (ii) contempt for violations of the discharge injunction, and (iii) contempt sanctions for violations of the discharge injunction; or I will file the same as an adversary proceeding. This will be done within 30 days of filing the Motion to Reopen my bankruptcy case with the court.

14. This declaration is not all inclusive, as it is only brought in order to support the ex-parte motion to reopen the above captioned bankruptcy.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 6, 2017                         Respectfully submitted,

*[signature]*

DANIEL MAJOR EDSTROM,
*Debtor*